IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PAMELA VINES, on behalf of herself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:24-cv-697 |
| v. | ) ) | CLASS ACTION |
| REPUBLIC SERVICES, INC. d/b/a BFI WASTE SYSTEMS NORTH AMERICA, LLC | ) ) ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**NOW INTO COURT** comes Plaintiff Pamela Vines, ("Plaintiff") pursuant to Rule 23 of the Federal Rules of Civil Procedure and files this Class Action Complaint ("Complaint"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, raising claims of private nuisance, public nuisance, and negligence against Defendant BFI Waste Systems of North America, LLC ("Defendant").

The allegations in this Complaint are presented upon information and belief, except as to those allegations which pertain to the named Plaintiff, which are alleged on her personal knowledge.

**I. NATURE OF THE ACTION**

1. This is a proposed class action for private nuisance *per accidens*, public nuisance, and negligence. Plaintiff is the owner of private residential property in Cabarrus County, North Carolina residing within one and a half (1.5) miles of Defendant BFI Waste

1

System North America LLC's landfill (hereinafter, the "Landfill") located at 5105 Morehead Road, Concord, Cabarrus County, North Carolina, 28027.

2. Specifically, Plaintiff alleges that the Landfill releases noxious odor emissions into surrounding residential areas that interfere with Plaintiff's use and enjoyment of her private property and diminishes the value of Plaintiff's property.

3. Plaintiff alleges that the noxious odor emissions from the Landfill are a result of Defendant's negligent and/or reckless construction, operation, and maintenance of the Landfill, which can be remedied at a reasonable cost to Defendant.

4. As a result of Defendant's noxious odor emissions invading her private residential property, Plaintiff has suffered injury in the form of loss of use and enjoyment of property, deprivation of the full value of her property, and diminution in property value.

## II. PARTIES

5. Plaintiff Pamela Vines has at all relevant times resided at 4881 Keeneland Place SW, Concord, North Carolina 28027. Plaintiff owns her property.

6. Defendant is a for-profit limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in the State of Illinois.

7. The Landfill is located at 175 Main Street, Canton, Cabarrus County, North Carolina, 28716.

8. At all relevant times, Defendant, its agents, and its predecessors did and continue to do business in Canton, North Carolina.

9. Defendant has at all times relevant hereto exercised ownership and over the Landfill.

## III. JURISDICTION AND VENUE

10. This Court has original jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). There are 100 or more class members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

11. Plaintiff is a citizen of Cabarrus County in the State of North Carolina and Defendant BFI Waste Systems of North America LLC is a citizen of Delaware with its principal place of business located at 1900 W. Field Ct, Lake Forest, Illinois, 60045. None of Defendant's members are citizens of North Carolina.

12. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

13. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the state of North Carolina because it regularly conducts business in North Carolina through ownership and operation of the Landfill.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

15. Defendant's Landfill began operations in Canton in 1992 and has periodically expanded operations since that time.

16. In addition to solid waste disposal, the Landfill utilizes more than 300 landfill

3

gas collection wells intended to collect and convert landfill gas into energy.

17. Defendant owns and operates a nearly 700-acre solid waste landfill which accepts approximately 4700 tons of commercial, industrial, and residential waste daily.

18. Materials deposited into Defendant's Landfill decompose and generate (among other things) landfill gas, an odorous and offensive byproduct of decomposition which generally consists of hydrogen sulfide, methane, carbon dioxide, and various odorous compounds.

19. Landfill gas from landfills accepting commercial and industrial debris can be especially odorous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

20. On frequent, recurrent, and intermittent occasions too numerous to list individually herein, Plaintiff's property, including Plaintiff's neighborhood, residence, yard, and personal property have been, and continue to be, physically invaded by noxious odor emissions.

21. The noxious odor emissions which invaded Plaintiff's property originated from and were emitted by Defendant's Landfill.

22. On numerous separate and distinct occasions, Defendant has, due to negligent maintenance, construction, and/or operation, discharged noxious odors that blanket the surrounding private residential properties, causing damages to property in the form of loss of use and enjoyment and diminution in value.

23. More than 40 neighboring residents have reported to Plaintiff's counsel that they have experienced and are adversely impacted by Defendant's noxious odor emissions.

24. The invasion of Plaintiff's property by noxious odors from the Landfill has caused Plaintiff and the Class actual and substantial harm.

25. Plaintiff Vines reports that she "wakes up at night to the smell and cannot go back to sleep", and that she "can't use [her] yard if the odors are really bad".

26. Plaintiff resides within one and a half miles of the Landfill.

27. Below is a small sampling of the factual allegations made by putative class members to Plaintiff's counsel, demonstrating that the Landfill is the source and cause of the odor emissions that have caused damages to neighboring residential properties:

   a. Putative Class Members Lakesha and Alaric Greenfield from Concord, North Carolina reported that "[t]he smell is terrible. The smell prevents you from enjoying the summer nights and even the winter night the odor is very unpleasant."

   b. Putative Class Member Kara Rich from Concord, North Carolina reported that "[t]he smell from the landfill has definitely affected my willingness to go outside for extended times. The smell is so strong that it's sickening. People who come visit me have commented on the smell and cover their mouth/nose until they get into the house or car."

   c. Putative Class Member Sabrina Sikora from Harrisburg, North Carolina stated that the smell "has impacted my ability to enjoy outside activities. When I first moved in, I was able to invite friends for cookouts, but not any longer." '

   d. Putative Class Members Marc Coonradt and Michelle Lay Ross reported "not being able to stay outside for long periods of time due to the harsh odor. We can't enjoy a backyard we have worked hard to enjoy."

28. Defendant has a significant history of failing to control its noxious odors emissions, further demonstrated by the following:

   a) Following an inundation of community odor complaints, the North Carolina Department of Environmental Quality Division of Waste Management Solid Waste Section ("NCDEQ") conducted an inspection of the Landfill in

April 2023, noting violations of the Landfill's operating permit including failure to properly cover trash.

b) Inspection reports from the NCDEQ found violations in December 2022, January 2023, and April 2023, respectively. The NCDEQ required Defendant to submit an odor mitigation plan as a result of these violations.

c) Specifically, the NCDEQ issued a Notice of Violation on April 27, 2023, for failure to comply with its permit by failing to cover the faces of the Landfill, allowing uncovered refuse to be blown around the Facility. Included in the inspection report accompanying the NOV were the following observations:

- "During the perimeter inspection of the landfill, a noticeable increase in landfill gas odor was found along the east side of the landfill" resulting from a leachate cleanout that was not properly sealed.

- "[T]rash odor was observed in other areas, likely exacerbated by the lack of cover soils. As such, if gas odor had migrated towards the Rocky River Crossing community, this was the probable source."

d) There have been numerous media articles detailing the community's complaints and negative effects from the Landfill's noxious odors.

29. Defendant's Landfill has emitted, and continues to emit, objectionable odors that are detectable outside the bounds of its property.

30. The noxious odors emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage as described herein, including by interfering with the ability of Plaintiff and the Class to use and enjoy their homes and properties.

31. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to agriculture, transportation, warehousing, retail trade, health care and social services, education, construction, and dining.

6

32. Plaintiff and the putative Class are a limited subset of individuals in Cabarrus County and the Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

33. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, students, and patients, have experienced and been harmed by the fugitive noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiff and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

34. The invasion of Plaintiff's property and that of the Class by noxious odors and dust has reduced the value of and interfered with the use and enjoyment of that property, resulting in damages in excess of $5,000,000.

## IV. CLASS ALLEGATIONS

### A. Definition of the Class

35. Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rules of Civil Procedure 23. Plaintiff seeks to represent a Class of persons preliminarily defined as:

***All owner/occupants and renters of residential property residing within one and a half (1.5) miles of the Landfill's property boundary since August 14, 2021.***

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiff reserves

7

the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

36. This case is properly maintainable as a class action pursuant to and in accordance with Federal Rule of Civil Procedure 23:

    a. The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

    b. There are substantial questions of law and fact common to the Class including those set forth in greater particularity herein;

    c. Questions of law and fact such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

    d. The claims of the representative parties are typical of the claims of the Class;

    e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    f. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

    g. There are no unusual difficulties foreseen in the management of this class action; and

    h. Plaintiff, whose claim is typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

### B. Numerosity

37. The approximate number of residential households within the Class Area is over 2,800.

38. The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

### C. Commonality

39. Numerous common questions of law and fact predominate over any individual questions affecting only individual Class Members, including, but not limited to the following:

   a.  whether and how Defendant negligently, knowingly, intentionally, recklessly, and grossly failed to design, operate, and maintain the Landfill and its operations;

   b.  whether Defendant owed any duties to Plaintiff;

   c.  which duties Defendant owed to Plaintiff;

   d.  which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, design, operation, and maintenance of its Landfill and its respective operations;

   e.  whether Defendant met its standard of care with respect to its construction, operation, design, and maintenance of the Landfill and its operations;

   f.  whether and to what extent the Landfill's noxious odor emissions were dispersed over the Class Area;

   g.  whether it was reasonably foreseeable that Defendant's failure to properly construct, design, operate, and maintain the Landfill and its operations would result in an invasion of Plaintiff's property interests;

   h.  whether the degree of harm suffered by Plaintiff and the Class constitutes a substantial and unreasonable annoyance or interference; and

   i.  the proper measure of damages incurred by Plaintiff and the Class.

**D. Typicality**

40. Plaintiff has the same interests in this matter as all the other members of the Class and his claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert

testimony, rely upon the same legal theories and seek the same type of relief.

41. The claims of Plaintiff and the other Class Members have a common cause and their damages are of the same type. The damages of Plaintiff and the Class are different in kind than those suffered by other members of the broader community who do not hold private residential property interests. The claims originate from the same failure of the Defendant to properly design, operate, and maintain the Landfill and its operations.

42. All Class Members have suffered injury in fact as a result of the invasion of their properties by Defendant's release of noxious odors, causing damage to their properties.

E. **Adequacy of Representation**

43. Plaintiff's claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

44. Plaintiff's own private residential property has been invaded and damaged by Defendant's noxious odor emissions, and thus she has a genuine personal interest in obtaining compensation for and abatement of the nuisance Defendant has created and maintained.

45. Plaintiff has retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from invasions of noxious industrial emissions. Plaintiff's Counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class

Members.

**F. Class Treatment Is the Superior Method of Adjudication**

46. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

   b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

   c. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

   d. The proposed class action is manageable.

47. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

48. Notice can be provided to members of the Class by U.S. Mail and/or publication.

**COUNT I**

## PRIVATE NUISANCE PER ACCIDENS

49. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

50. Plaintiff utilizes her property as a residence and resides within the proposed Class Area.

51. Through the operation of the Landfill, Defendant accepts approximately 4,700 tons of industrial, commercial, and household waste per day.

52. Defendant utilizes leachate disposal and gas-to-energy conversion systems that are intended to mitigate and/or control the noxious odors generated by the Landfill's leachate and gas.

53. These odor control systems are negligently and/or recklessly maintained and/or operated at the Landfill, allowing noxious odors to escape the Landfill on occasions too numerous to list herein and settle on Plaintiff's property.

54. Defendant is additionally required to maintain reasonable landfill maintenance practices, such as applying cover soil to contain loose refuse and odors therefrom.

55. Defendant has negligently and/or recklessly failed to maintain and operate the Landfill using reasonable Landfill maintenance practices.

56. Improper use of one's property in a manner that injures the land or other right of one's neighbor is a nuisance.

57. The invasions of Plaintiff's private property by noxious odor emissions from the Landfill are the result of Defendant's negligent and/or reckless maintenance and/or

12

operation of the Landfill.

58. Defendant was aware that its negligent and/or reckless operation and/or maintenance of the Landfill was causing noxious odor emissions to enter Plaintiff's private residential property, as evidenced by the numerous violations and citizen complaints submitted against Defendant.

59. Despite Defendant's knowledge that it was emitting noxious odors onto neighboring properties, Defendant failed to take reasonably adequate steps to abate the nuisance.

60. As a result of Defendant's negligent and/or reckless operation and/or maintenance of the Landfill, noxious odor emissions invaded Plaintiff's private residential property.

61. Plaintiff has suffered substantial injury as a result of the unreasonable invasion of her property and interference with her use and enjoyment thereof by noxious odor emissions.

62. The unreasonable and substantial interference with Plaintiff's use and enjoyment of her private property by Defendant has additionally caused diminution in the value of Plaintiff's property.

## COUNT II

## PUBLIC NUISANCE

63. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

64. The public has a right to breathe uncontaminated and unpolluted air in public

spaces.

65. Defendant owed and continues to owe a duty to the public to prevent and abate the interference with, and the invasion of, the free use and enjoyment of public spaces by emitting noxious pollutants into the ambient air.

66. Separate and distinct from the property damage incurred by Plaintiff and the putative class, Defendant's noxious odor emissions have substantially and/or unreasonably interfered with right common to the general public, including the right to uncontaminated and/or unpolluted air.

67. Plaintiff suffered and continues to suffer special harm, separate and distinct from that suffered by the general public due to the interference with shared public rights, relating to the use and enjoyment of her private residential property, deprivation of the full value of her property, and decreased her property's value.

68. While both Plaintiff and the general public's right to breathe uncontaminated and unpolluted air in public spaces were similarly infringed by Defendant's emissions, Plaintiff suffered special injury that the general public did not, in the form of loss of use and enjoyment of their private residential properties, deprivation of the full value of her property, and decreased property values.

69. Plaintiff did not consent to noxious odors entering upon her property.

70. Whatever social utility is provided by the Landfill is clearly outweighed by the harm suffered by Plaintiff and the putative class, who have on numerous occasions been deprived of the full use and enjoyment of their private residential properties and have been forced to endure substantial loss in the use and value of their properties.

71. Defendant's substantial and unreasonable interference with Plaintiff's use and enjoyment of her property constitutes a public nuisance for which the Defendant is liable to Plaintiff for all damages arising therefrom, including compensatory and injunctive relief, not inconsistent with, and in addition to, Defendant's state and/or federal regulatory obligations.

## COUNT III

## NEGLIGENCE

72. Plaintiff incorporates by reference as if fully set forth herein each and every allegation in the Complaint.

73. In maintaining, operating, and/or controlling the Landfill, Defendant owed and continues to owe a duty to Plaintiff and the Class, as neighboring holders of private residential property interests, to exercise ordinary care and diligence to prevent noxious odors from invading Plaintiff and the Class's properties.

74. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and/or operated the Landfill and knew, or should have known, that such actions would cause Plaintiff's property to be invaded by noxious odor emissions.

75. Defendant's breaches of its duties to Plaintiff and the Class include, but are not limited to, the following:

    a. Defendant has failed to manage, treat, mitigate, and/or control the emissions created at the Landfill;

    b. Defendant has failed to properly maintain and/or operate its leachate disposal and gas-to-energy conversion equipment;

15

c. Defendant has failed to properly maintain and/or operate the Landfill, including through failing to properly cover trash with a layer of soil as required by its permit;

d. Defendant has failed to manage, treat, mitigate, and/or control the noxious odor emissions created during its Landfill operations; and

e. Defendant has breached its duties in additional ways to be determined during discovery.

76. As a direct and proximate result of Defendant's failure to exercise ordinary care, Plaintiff's property has been physically invaded by noxious odors.

77. As a direct and proximate result of Defendant's negligence in operating and/or maintaining the Landfill, Plaintiff's property has been exposed to and invaded by noxious odor emissions.

78. As a direct and proximate result of the invasion of Plaintiff's private residential property by noxious odors, Plaintiff has suffered physical property damage, including through diminution in property value, deprivation of full value of property, and substantial interference with use and enjoyment of property.

## V. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certification of the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiff and the Class members and against Defendant;

D. Award Plaintiff and the Class members compensatory damages arising from the property damages they suffered and any recoverable attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiff's property constituted negligence and nuisance; and

G. Such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint.

Date: August 21, 2024

Respectfully Submitted,

Steven D. Liddle*
Laura L. Sheets*
D. Reed Solt*
**Liddle Sheets PC**
*Notice for Special Appearance forthcoming
975 E. Jefferson Ave
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
lsheets@lsccounsel.com
rsolt@lscounsel.com

*Attorneys for Plaintiff*

/s/ Valerie Johnson
Valerie Johnson
Ann Groninger
**Johnson & Groninger PLLC**
300 Blackwell St., Suite 101
Durham, NC 27701
919-240-4054
valerie@jglawnc.com
ann@jglawnc.com

*Attorneys for Plaintiff*

17